UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHAYLA JEFFERSON-JAMES | CASE NO.  6:24-CV-00068 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| MERCANTILE ADJUSTMENT BUREAU LLC | MAGISTRATE JUDGE DAVID J. AYO |

**ORDER**

Before the Court is a Motion to Dismiss filed by Defendant Mercantile Adjustment Bureau, LLC (MAB).  Rec. Doc. 5.  The motion is filed in response to a complaint filed by *pro se* plaintiff Shayla Jefferson-James alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f), based on MAB's access of plaintiff's consumer report.  (Rec. Doc. 1).  Plaintiff filed an opposition (Rec. Doc. 9) to which MAB filed a reply (Rec. Doc. 10).

MAB's motion takes issue with Plaintiff's allegation that it accessed her credit report for an improper purpose since it is a debt collection agency.  (Rec. Doc. 5-1 at 1).  MAB further contends that the complaint is replete with conclusory allegations and legal conclusions.  *Id*. Plaintiff's opposition, perhaps unwittingly, seized upon MAB's inability to submit evidence of its status as a debt collector:  "MAB's motion conspicuously lacks any evidence or specific detail regarding the existence of such an account belong to the Plaintiff, which would justify the credit inquiry under the FCRA."  (Opposition, Rec. Doc. 9 at 4).  *See, e.g., Id*. at 6 ("Despite MAB's assertion that obtaining information from Transunion was for the purpose of debt collection on an account purportedly assigned to them, they have not presented any proof of such assignment or their lawful right to collect the debt.");  *Id*. at 7 ("The absence of documentary evidence from MAB regarding the lawful assignment of the debt for collection renders the plaintiff's allegations not merely possible but plausible, thereby satisfying the

1

*Iqbal* standard and meriting further judicial examination rather than dismissal"). The opposition further makes multiple references to her *pro se* status and that additional leeway must be afforded to *pro se* litigants. *See, e.g., Id.* at 8, 9, 13. In its reply, MAB correctly acknowledges its predicament of being procedurally barred from presenting evidence to counter plaintiff's allegedly unsubstantiated claims but suggests that it can readily do so. (Rec. Doc. 10 at 1 n. 2) ("Although MAB is bound to the facts alleged in the Complaint, MAB represents that it does have a collection account associated with Plaintiff, a fact that is known to Plaintiff, despite having commenced this action.").

"To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." *Braun v. United Recovery Systems, LP*, 14 F. Supp. 3d 159, 166 (S.D.N.Y.). As to the first element—permissible or impermissible purpose—Section 1681b(a)(3)(A) allows a consumer reporting agency (here, Transunion) to furnish a consumer report "[t]o a person [allegedly MAB] which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of**, the consumer [here, plaintiff]. . . ." (emphasis added). Therefore, MAB's status as a debt collector relating to an account of plaintiff may be dispositive of plaintiff's claim.

However, such a determination cannot be made at this time. On one hand, MAB is correct that the Court is not required to accept plaintiff's conclusory allegations and that its motion should be granted.[1] On the other hand, plaintiff contends that her *pro se* status

---

[1] For whatever reason, MAB did not submit for the Court's consideration any matters outside the pleadings, meaning that the instant motion would be treated as a motion for summary judgment per Rule 12(d).

2

affords leeway in passing on the instant motion and merely relies on MAB's failure to produce evidence, which MAB is prohibited from doing in connection with a motion under Rule 12(b)(6). The Court finds that it is not in the interest of judicial efficiency to pass on the instant motion when satisfaction of the first element of plaintiff's cause of action—permissible purpose—can be presumably established with a minimum of evidence. Furthermore, consideration of evidence as to the first element obviates the need to either grant MAB's motion by concluding that plaintiff's complaint is conclusory or deny MAB's motion by merely taking as true plaintiff's allegations, which can arguably be refuted quite easily.

For the foregoing reasons and as permitted by Rule 56(f), the Court will address the first element of plaintiff's cause of action—impermissible purpose—via summary judgment *sua sponte*. Rule 56(f) requires "notice and a reasonable time to respond" before a court can consider summary judgment on its own motion. This order shall constitute notice to the parties of the Court's intention to consider the first element of plaintiff's cause of action via summary judgment. If MAB wishes to supplement its motion to dismiss with competent summary judgment evidence and argument relative to the first element, it may do so on or before August 12, 2024. Plaintiff may respond with competent summary judgment and evidence and argument relative to the first element within seven days of MAB's submission. Upon receipt of the supplemental evidence and briefing, if any, the Court will issue a Report and Recommendation to Judge Summerhays.

Signed this 5th day of August, 2024, at Lafayette, Louisiana.

_____
David J. Ayo
United States Magistrate Judge

3