UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SHAYLA JEFFERSON-JAMES** | **CASE NO. 6:24-CV-00068** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MERCANTILE ADJUSTMENT BUREAU LLC** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before the undersigned is DEFENDANT, MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION FOR SUMMARY JUDGMENT (Rec. Doc. 12) filed by Defendant Mercantile Adjustment Bureau, LLC (MAB) in response to the Court's *sua sponte* Rule 56(f) conversion of MAB's Motion to Dismiss. (Motion, Rec. Doc. 5; Order, Rec. Doc. 11). Plaintiff Shayla Jefferson-James filed a response (Rec. Doc. 9) to the original Motion to Dismiss but filed no response to the instant motion. For the reasons set forth below, the undersigned recommends that MAB's motion be GRANTED.

### I.   Factual Background

The instant suit arises out of MAB's attempted collection activity on an account associated with Jefferson-James. She alleges that on or about May 1, 2020, a consumer report pertaining to her was "generated and maintained"[1] by Transunion. (Rec. Doc. 1 at ¶¶ 6, 27). She further alleges that she observed an "unauthorized inquiry" by MAB. (*Id.* at ¶ 8). MAB's access of Jefferson-James' consumer report was allegedly done without a "permissible purpose" as required by the Fair Credit Reporting Act (FCRA). (*Id.* at ¶¶ 10, 31). According to Jefferson-James, she alleged—incorrectly it turns out—that MAB had not been retained by a creditor with whom she had initiated a transaction and was not

---

[1] The Court interprets the quoted statement to mean the date on which Jefferson-James accessed her credit report.

1

"involved in any collection activities pertaining to a debt initiated by Plaintiff. . . ." (*Id.* at ¶ 11). The Complaint then alleges that Jefferson-James never gave MAB consent to access her consumer report. (*Id.* at ¶ 13). MAB's conduct is alleged to have violated 15 U.S.C. § 1681b(f) for which she seeks actual damages, statutory damages, and punitive damages. (*Id.* at ¶ 35, Prayer).

MAB responded with a motion to dismiss under Rule 12(b)(6) contending that Jefferson-James failed to sufficiently allege willfulness or negligence as required by the FCRA and that MAB's "permissible purpose" appeared on the face of the Complaint. (Rec. Doc. 5). Regarding the latter ground, MAB argued that its credit inquiry was for the permissible purpose of collecting on Jefferson-James' account. (Rec. Doc. 5-1 at 5). MAB also correctly argued that Jefferson-James' complaint was replete with conclusory allegations and legal conclusions. As a *pro se* plaintiff and thus likely not aware of MAB's inability on a Rule 12(b)(6) motion to present evidence to demonstrate that it had a permissible purpose, Jefferson-James' opposition repeatedly asserted an absence of evidence in support of MAB's arguments. *See* Opposition, Rec. Doc. 9 at 4 ("MAB's motion conspicuously lacks any evidence or specific detail regarding the existence of such an account belong to the Plaintiff, which would justify the credit inquiry under the FCRA."); *Id.* at 6 ("Despite MAB's assertion that obtaining information from Transunion was for the purpose of debt collection on an account purportedly assigned to them, they have not presented any proof of such assignment or their lawful right to collect the debt."); *Id.* at 7 ("The absence of documentary evidence from MAB regarding the lawful assignment of the debt for collection renders the plaintiff's allegations not merely possible but plausible, thereby satisfying the *Iqbal* standard and meriting further judicial examination rather

than dismissal."). MAB contended in its reply—as it was constrained to do—that Jefferson-James failed to allege facts instead of legal conclusions. (Rec. Doc. 10).

Rather than pass on MAB's motion in the context of a Rule 12(b)(6) analysis when an element of Jefferson-James' cause of action, *i.e.*, permissible purpose, should be readily provable by documentary evidence, the undersigned issued an order pursuant to Rule 56(f) informing the parties that it would consider the permissible purpose question via summary judgment. (Order, Rec. Doc. 11). As required by Rule 56(f), the order afforded the parties the right to respond with competent summary judgment evidence.

MAB responded with the instant motion. (Rec. Doc. 12). In support of the motion, MAB attached a declaration from Daniel Frisicaro, MAB's Chief Compliance Officer. (Rec. Doc. 12-2). Frisicaro attested that MAB is a debt collector and that, on or about February 17, 2020, an account associated with Jefferson-James was placed with MAB for collection. (*Id.* at ¶¶ 4, 5). Upon the placement of the account with MAB, it made a credit inquiry into Jefferson-James. (*Id.* at ¶ 7). Correspondence ensued between MAB and Jefferson-James from February 2020 to May 2020 when, on May 19, 2020, the account was recalled by the original creditor. (*Id.* at ¶¶ 7-12). MAB attached to the declaration account notes showing a USAA Savings Bank account in Jefferson-James' name (Rec. Doc. 12-3) and correspondence from MAB and Jefferson-James expressly identifying USAA Savings Bank as the original account holder (Rec. Docs. 12-4 to 12-7). Jefferson-James did not file a response.

## II.   Applicable Standards

Under Federal Rule of Civil Procedure Rule 56(a), summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(a) also permits partial summary judgment on any part of a claim or defense. A fact is material if proof of its existence or nonexistence might

affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson,* 477 U.S. at 252); *Hamilton,* 232 F.3d at 477.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn v. Harvey*, 504 F.3d at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex*, 477 U.S. at 325). The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

### III. Analysis

Jefferson-James' FCRA claim contends that MAB violated 15 U.S.C. § 1681b(f) for the following reasons: MAB did not have a permissible purpose to obtain her consumer report (Rec. Doc. 1 at ¶¶ 10, 29, 31, 33) and she never gave permission for MAB to obtain her consumer report (*Id*. at ¶13). MAB contends that it had a permissible purpose to obtain Jefferson-James' consumer report to collect on her USAA account.

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). Under 15 U.S.C. § 1681b(a)(3)(A), "any consumer reporting agency may furnish a consumer report under the following circumstances and no other: . . . (3) To a person which it has reason to believe . . . (A) intends to use the information in connection with a credit transaction involving the consumer on which the information is to be furnished and involving the extension of credit to, or review **or collection of an account of**, the consumer. . . ." (emphasis added). The parties do not dispute that MAB is not a consumer reporting agency. Jefferson-James acknowledged in her opposition to MAB's motion to dismiss that MAB is a debt collector. (Rec. Doc. 9 at 3-4) ("While MAB's general business operations as a debt collector are acknowledged, . . . .").

The same statute further limits the use of consumer reports. Section 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless—(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section. . . ." Therefore, this section expressly makes the permissible purposes set out in Section 1681b(a) applicable to users of consumer reports—such as MAB—and provides a means for imposing liability for using or obtaining a consumer report in violation of the statute.

5

"To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." *Braun v. United Recovery Systems, LP*, 14 F. Supp. 3d 159, 166 (S.D.N.Y. 2014). Here, Jefferson-James alleges in a conclusory fashion that MAB lacked a permissible purpose to obtain her consumer report. She alleges no *facts* to support a claim that MAB lacked a legitimate business need, *i.e.*, that MAB did not have a permissible purpose to obtain her consumer report. The documents attached to the instant motion refute any such assertion. There is no genuine dispute that MAB is a debt collector and was acting in connection with Jefferson-James' USAA account.

The Court further finds unavailing Jefferson-James' claim that MAB failed to obtain her permission prior to obtaining her consumer report. (Rec. Doc. 1 at ¶ 13). Consumer consent is not required if a consumer report is obtained for a permissible purpose as permitted under Section 1681b(a)(3). *See Alessandro-Robert v. Experian Info. Solutions, Inc.*, 2023 WL 6462860 at *5 (N.D. Tex.) (collecting cases); *Wallace v. Finkel*, 2006 WL 1731149 at *5 (M.D. Ala.) (stating same and listing instances under FCRA where consumer consent or notice is required).

### IV.   Conclusion

For the reasons discussed herein, the Court recommends that DEFENDANT, MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION FOR SUMMARY JUDGMENT (Rec. Doc. 12) be GRANTED and that Shayla Jefferson-James' claims in this matter be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

 Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

 THUS DONE in Chambers, Lafayette, Louisiana on this 8th day of January, 2025.

_____
David J. Ayo
United States Magistrate Judge